**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALVIN PARKER,

     Plaintiff - Appellant,

v.

SCOTT CROW, Director, Oklahoma
Department of Corrections,

     Defendant - Appellee.

No. 22-6047
(D.C. No. 5:21-CV-01168-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Alvin Parker is a prisoner proceeding pro se[1] in a 42 U.S.C. § 1983 action

against the Oklahoma Department of Corrections (ODOC).  The district court,

adopting the recommendation of a magistrate judge, dismissed his claim for failure to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Parker proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

pay the filing fee, concluding he was not eligible to proceed in forma pauperis ("IFP") because he was subject to the three-strikes provision of 28 U.S.C. § 1915(g) and failed to satisfy the imminent danger exception to that provision.[2]  Mr. Parker appeals, arguing the district court erred when it concluded he did not satisfy the imminent danger exception.  We have jurisdiction under 28 U.S.C. § 1291, but we dismiss the appeal as frivolous under § 1915(e)(2)(B)(i).

In the underlying complaint he filed in December 2021, Mr. Parker alleged ODOC unconstitutionally deprived him of access to the courts by failing to timely pay his filing fee associated with a petition for certiorari in another case in July 2021. He alleged this interference caused anxiety and migraine headaches and induced a stroke in February 2021.

Mr. Parker also moved to proceed IFP.  The magistrate judge recommended denial of the IFP motion, concluding that the alleged stroke amounted to past harm, which was insufficient to satisfy the imminent danger exception, and that there was not a sufficient nexus between the alleged misconduct and Mr. Parker's headaches. The magistrate also stated Mr. Parker failed to "explain how a favorable outcome . . .

---

[2] Section § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

would resolve health problems induced by an inability to petition for certiorari in a prior case." R. at 42.

Mr. Parker objected to the magistrate's recommendation. In his objection, he did not contest that he had already incurred three strikes, but he argued he satisfied the imminent danger exception because he "presented support for his assertions that [ODOC's conduct] has and will cause strokes." R. at 53 (internal quotation marks omitted). He did not raise the issue of his alleged migraine headaches in his objection.

The district court overruled the objection,

> writ[ing] separately only to emphasize that, accepting the alleged fact that [Mr. Parker] had a stroke in February 2021, it occurred before he attempted to make the Supreme Court filing that is the subject of his current Complaint, and it occurred long after an attempted Supreme Court filing in 2019 that was the subject of his prior civil rights case.

R. at 60. The court further concluded Mr. Parker did "not allege that [ODOC] was engaged in any misconduct in December 2021 that would place [him] under imminent danger of another stroke or any other serious physical injury." *Id.* The court therefore ordered Mr. Parker to pay the full filing fee within 30 days and stated it would dismiss the action without prejudice if he failed to do so. Mr. Parker moved for reconsideration, again focusing on his prior stroke and the possibility of another in the future, and again making no argument related to his alleged migraine headaches. The district court denied this motion.

3

Mr. Parker then filed an amended complaint along with a motion for leave to amend.[3]  After the expiration of the 30-day deadline from its prior order, the court dismissed the action because Mr. Parker still had not paid the filing fee.  Liberally construing Mr. Parker's pleadings, the court also considered the allegations in the amended complaint, but it concluded they too failed to satisfy the imminent danger exception.

Mr. Parker presents one argument on appeal:  that the district court erred in denying his IFP motion because he satisfied the imminent danger exception through his allegations of ongoing anxiety and migraine headaches.  This court follows the firm waiver rule, under which "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  Mr. Parker did not raise the argument on which he now relies in his objections to the magistrate judge's recommendation, so he has waived appellate review of the antecedent factual and legal questions.  And because Mr. Parker clearly failed to preserve his only appellate argument, we dismiss this appeal as frivolous.  *See* § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the . . . appeal . . . is frivolous . . . ."); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is

---

[3] Because Mr. Parker had not yet served his complaint, he did not need to seek leave to amend it.  *See* Fed. R. Civ. P. 15(a)(1)(A).

4

obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)).  This dismissal serves as a strike under § 1915(g).  We also deny Mr. Parker's motion to proceed IFP on appeal.  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on [an IFP] motion, an appellant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.").

Entered for the Court


Bobby R. Baldock
Circuit Judge